John D. Titus, SBN 012912
**DICKINSON WRIGHT PLLC**
5009 E. Washington, Suite 125
Phoenix, Arizona  85034
Tel. 602-244-1400
Fax: 602-244-1441
JTitus@DickinsonWright.com

*Attorneys for Defendants
Richard Symons and Spirit Level UK Limited*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL L. SHOEN, a resident of Arizona,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD SYMONS, a resident of Great Britain; SPIRIT LEVEL UK LIMITED, a United Kingdom private limited company; JOHN DOE 1-10 and JANE DOE 1-10; ABC Partnership 1-10; and XYZ Corporation 1-10,<br><br>Defendants. | No. CV09-1548 PHX DGC<br><br>**FIRST AMENDED ANSWER OF DEFENDANTS RICHARD SYMONS AND SPIRIT LEVEL UK LIMITED**<br><br>**DEMAND FOR JURY TRIAL**<br><br>(Assigned to the Honorable David G. Campbell) |

     For their Answer to the Complaint of Michael L. Shoen ("Shoen"), Defendants Richard Symons and Spirit Level UK Limited d/b/a Spirit Level Films (the "Symons Defendants") admit, deny and otherwise plead as follows:

     1.    Responding to the averments of paragraph 1 of the Complaint, admit that in 2006 Shoen filed an action alleging trademark infringement, copyright infringement and other causes of action against various defendants including the Symons Defendants; state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the averment that "The Cobra-Ferrari Wars 1963-1965" was a bestselling book, and deny the remaining averments of paragraph 1 of the Complaint.

2. Responding to the averments of paragraph 2 of the Complaint, admit that *inter alia*, in order to appease Shoen and avoid the expense of vindicating their rights through litigation, the Symons Defendants stipulated to a permanent injunction that issued on March 23, 2007; aver that the document speaks for itself, and deny the remaining averments of paragraph 2 of the Complaint.

3. Responding to the averments of paragraph 3 of the Complaint, admit that the Symons Defendants agreed to destroy all copies of the DVD set titled "The Cobra-Ferrari Wars;" aver that the Symons Defendants did in fact cause their remaining inventory of 220 copies of the DVD set to be destroyed, and they provided conformation to Shoen from the facility hired to perform the destruction that the DVD sets had been destroyed; and deny the remaining averments of paragraph 3 of the Complaint.

4. Admit the averments of paragraph 4 of the Complaint.

5. Responding to the averments of paragraph 5 of the Complaint, admit that in accordance with the terms of the stipulated injunction, Spirit Level Films re-published the DVD set as "The Snake and the Stallion," admit that one eBay seller located in the United Kingdom, who is <u>unrelated to the Symons Defendants</u> apparently has made the erroneous assertion that "The Snake and the Stallion" is identical to the DVD originally titled "Cobra Ferrari Wars;" and admit on information and belief that this eBay seller has received feedback from other eBay users, specifically deny that the Symons Defendants are liable for the actions of unrelated third parties; and deny the remaining averments of paragraph 5 of the Complaint.

6-8. Deny the averments of paragraphs 6-8 of the Complaint.

9. Admit, on information and belief, the averments of paragraph 9 of the Complaint.

10. Responding to the averments of paragraph 10 of the Complaint, admit that by letter dated 7 September 2001 Richard Symons requested permission to use the title

1  "The Cobra-Ferrari Wars" for a BBC film documentary and that by letter dated September 20, 2001 Shoen granted permission with the conditions as stated in the letter, admit that Spirit Level Films. acquired the domain name <cobraferrariwars.com> but deny that the web site was ever used to promote the film or DVD set, admit that Symons did not ask permission to film Shoen's book but deny that the film was a screenplay of Shoen's book (both simply cover essentially the same historical events), deny that the DVD set was a sequel; admit that the BBC documentary and DVD set inadvertently failed to include any attribution to Shoen, and deny the remaining averments of paragraph 10 of the Complaint.

11.   Deny the averments of paragraph 11 of the Complaint.

12.   Responding to the averments of paragraph 12 of the Complaint, admit that Shoen did not receive attribution in the BBC documentary or the DVD set and admit that the DVD includes many of the same interviewees and photographs as Shoen's book, aver that Shoen does not own any intellectual property rights in the photographs or the interviews (or interviewees) appearing in the DVD and deny the remaining averments of paragraph 12 of the Complaint.

13.   Responding to the averments of paragraph 13 of the Complaint, admit that the DVD narrator utters the phrase "the Cobra Ferrari Wars," but deny that this in any way constitutes a violation of the injunction or of any intellectual property right of Shoen, admit on information and belief that internet searches including the keywords "cobra, ferrari, and wars" will lead to third parties selling "The Snake and the Stallion" and a search for "the snake and the stallion" will lead to third parties selling "The Snake and the Stallion" DVD who describe it as "formerly known as The Cobra-Ferrari Wars," but deny that the Symons Defendants are liable for the actions of unrelated third parties; and deny the remaining averments of paragraph 13 of the Complaint.

14.   Deny the averments of paragraph 14 of the Complaint.

1  15. Admit on information and belief the averments of paragraph 15 of the
2 Complaint.

3  16. Admit the averments of paragraph 16 of the Complaint.

4  17. Deny that Spirit Level Films sells a DVD set as "The Snake and the Stallion
5 (formerly The Cobra-Ferrari Wars)," and admit the remaining averments of paragraph 17
6 of the Complaint.

7  18. Responding to paragraph 18 of the Complaint, state that they are without
8 information sufficient to form a belief as to the truth of the averments of paragraph 18 of
9 the Complaint.

10  19. Admit the averments of paragraph 19 of the Complaint.

11  20. Deny that the Symons Defendants have committed any breach of the
12 stipulation or order, deny that the agreements were negotiated solely in Arizona, but admit
13 the remaining averments of paragraph 20 of the complaint.

14  21. Admit that the DVD titled "The Snake and the Stallion" is offered for sale
15 worldwide, including Arizona, via the Internet and therefore personal jurisdiction in
16 Arizona is proper, and deny the remaining averments of paragraph 21 of the Complaint.

17  22-23. Responding to paragraphs 22 and 23 of the Complaint, state that they are
18 without information sufficient to form a belief as to the truth of the averments of
19 paragraph 22 and 23 of the Complaint.

20  24. Admit that the brochure included in the DVD set titled "The Cobra-Ferrari
21 Wars" states that Symons contacted Carroll Shelby in 1999 about making a movie and
22 that the brochure does not mention Plaintiff or his book, and deny the remaining
23 averments of paragraph 24 of the Complaint.

24  25. Admit that in or about 2001 Symons asked Shoen for permission to use the
25 title of Shoen's book for a documentary film and that in his letter to Symons granting
26 permission, Shoen stated "you may use the trademark-registered [sic] name 'Cobra-Ferrari

Wars' for the limited purpose of titling or identifying your film production. In return you must credit your use of this title with readable language 'with permission, from the book of the same name by Michael Shoen' or equivalent language." and that Shoen further stated "I understand that your use is limited to a film about similar subject matter as my book and that this is a one-time permission, *i.e.* no sequels or "part two"s." [sic]; admit that no other uses were discussed; affirmatively allege that no limitations regarding medium (*i.e.* broadcast, VHS, DVD, etc.) were ever discussed, deny the remaining averments of paragraph 25 of the Complaint and specifically aver that the "Cobra-Ferrari Wars" was not and never has been a registered trademark.

26.   Admit that prior to the 2006 lawsuit, Spirit Level Films registered the domain name <www.cobraferrariwars.com>, specifically deny that the domain name was ever used to promote the broadcast film, the DVD set, or for any other marketing purposes, and deny the remaining averments of paragraph 26 of the Complaint.

27   Admit that in late 2004 the BBC documentary was released on DVD, that the title of the DVD was "The Cobra-Ferrari Wars" and that it was available for sale worldwide, including Arizona, through various Internet vendors including the web site <www.spiritlevelfilm> owned by Spirit level films, admit that the DVD failed to credit Plaintiff, and deny the remaining averments of paragraph 27 of the Complaint.

28.   Admit the averments of paragraph 28 of the complaint and affirmatively allege that the VCR tape Symons sent to Shoen was in PAL rather than NTSC format and that Symons was unaware Shoen would be incapable of finding a VCR with the ability to play PAL format.

29.   State that they are without information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 29 of the Complaint and deny the remaining averments of paragraph 29 of the Complaint.

30.   Admit that Symons and Shoen attempted to resolve their differences and

that Shoen offered to purchase the domain name <www.cobraferrariwars.com> and deny the remaining averments of paragraph 30 of the Complaint.

31. Deny the allegations of paragraph 31 of the complaint and affirmatively aver that transfer of the domain name failed because, although Symons initiated the escrow process to transfer the domain name to Shoen in March 2005, Shoen failed to complete the transaction with the escrow on the first attempt and neglected to alert Symons until embarking on a second attempt over a year later. After the second attempt failed, Shoen again failed to alert Symons to his continuing inability to complete the escrow transaction and instead initiated legal proceedings.

32. Admit that Shoen filed a lawsuit on December 14, 2006 together with application for permanent injunction [2:06-cv-03008 PHX-DGC] and deny the remaining averments of paragraph 32 of the Complaint.

33. Admit that the parties entered into a stipulation and that a permanent injunction issued on March 23, 2007; and deny the remaining averments of paragraph 33 of the Complaint.

34. Deny the averments of paragraph 34 of the Complaint.

35. State that they are without information sufficient to form a belief as to the truth of the averments of paragraph 35, and aver on information and belief that Shoen borrowed or otherwise used the photographs in his book with permission from the owners and therefore does not own the copyrights to the photographs in his book.

36. Deny the averments of paragraph 36 of the Complaint.

37-42. Deny the averments of paragraphs 37-42 of the Complaint.

43. Incorporate the foregoing responses to the averments of paragraphs 1-42 of the Complaint.

44-50. Deny the averments of paragraphs 44-50 of the Complaint.

51. Incorporate the foregoing responses to the averments of paragraphs 1-50 of

1 the Complaint.

2     52-56. Admit on information and belief that Shoen is the owner of the copyright to both editions of his book and that a copyright owner has the rights enumerated in 17 U.S.C. §§ 106 and 602, deny that a short phrase such as "The Cobra-Ferrari Wars" is copyrightable even if a book by that title is copyrighted, deny that publication of a book describing an historical event gives the author the exclusive right to recount the historical event; and deny the remaining averments of paragraphs 52-56 of the Complaint.

8     57. Incorporate the foregoing responses to the averments of paragraphs 1-56 of the Complaint.

10     58-64. Deny the averments of paragraphs 58-64 of the Complaint.

11     65. Incorporate the foregoing responses to the averments of paragraphs 1-64 of the Complaint.

13     66. Admit the averments of paragraph 66 of the Complaint.

14     67-69. Deny the averments of paragraphs 67-69.

15     70. Incorporate the foregoing responses to the averments of paragraphs 1-69 of the Complaint.

17     71-72. Deny the averments of paragraphs 71-72 of the Complaint.

18     73. Incorporate the foregoing responses to the averments of paragraphs 1-72 of the Complaint.

20     74-76. Deny the averments of paragraphs 74-76 of the Complaint.

21     77. Deny any averment not specifically admitted or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

1. The Complaint is barred in whole or in part by failure or lack of consideration.

2. The Complaint is barred in whole or in part by the doctrine of unclean hands.

3. The Complaint is barred in whole or in part by Plaintiff's failure to mitigate and/or whatever damages were suffered by Plaintiff were the result of his own actions.

WHEREFORE, having fully responded to the Complaint, Defendants pray that judgment be entered in their favor and that Plaintiff to take nothing thereby; that this Court dissolve the injunction granted in 2:06-cv-03008 PHX-DGC; that Defendants be awarded their attorneys' fees and costs incurred in defending this action; and for such other relief as this Court deems proper.

Respectfully submitted this 8th day of February, 2010.

**DICKINSON WRIGHT PLLC**

By: s/john d. titus
John D. Titus
*Attorneys for Defendants*
*Richard Symons and Spirit Level UK Limited.*

## VERIFICATION

I, Richard Symons, declare under penalty of perjury under the laws of the State of Arizona:

1. That I am a defendant in this action;

2. That I have read the foregoing FIRST AMENDED ANSWER OF DEFENDANTS RICHARD SYMONS AND SPIRIT LEVEL UK LIMITED; and

2. That the facts stated herein are true to the best of my knowledge and belief.

Executed this __ day of February, 2010, in London, Great Britain.

_____
Richard Symons

# CERTIFICATE OF SERVICE

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is Dickinson Wright PLLC, 5009 E. Washington, Suite 125, Phoenix, Arizona 85034. On February 8, 2010, I served the foregoing documents described as:

1. **FIRST AMENDED ANSWER OF DEFENDANTS RICHARD SYMONS AND SPIRIT LEVEL UK LTD**;

2. **VERIFICATION**; and

3. **CERTIFICATE OF SERVICE**

☐ BY FIRST CLASS MAIL: I caused these documents to be delivered by mail on Maria Salapska, counsel for Plaintiff, Michael L. Shoen, by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Maria Salapska, Esq.
> LAW OFFICE OF MARIA SALAPSKA, PLLC
> 3001 E. Camelback Rd., Suite 120
> Phoenix, AZ 85016
> Telephone No.: (480) 626-5597
> Facsimile No.: (480) 393-5087

☒ BY E-MAIL: I caused these documents to be delivered by e-mail to msalapska@salapskalaw.com.

☐ BY FEDERAL EXPRESS delivery service.

EXECUTED this 8th day of February, 2010

By: s/john d. titus
John D. Titus

DETROIT 1143843v2

# CERTIFICATE OF SERVICE

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is Dickinson Wright PLLC, 5009 E. Washington, Suite 125, Phoenix, Arizona 85034. On February 8, 2010, I served the foregoing documents described as:

1. **FIRST AMENDED ANSWER OF DEFENDANTS RICHARD SYMONS AND SPIRIT LEVEL UK LTD**;

2. **VERIFICATION**; and

3. **CERTIFICATE OF SERVICE**

☐ BY FIRST CLASS MAIL: I caused these documents to be delivered by mail on Maria Salapska, counsel for Plaintiff, Michael L. Shoen, by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Maria Salapska, Esq.
> LAW OFFICE OF MARIA SALAPSKA, PLLC
> 3001 E. Camelback Rd., Suite 120
> Phoenix, AZ 85016
> Telephone No.: (480) 626-5597
> Facsimile No.: (480) 393-5087

☒ BY E-MAIL: I caused these documents to be delivered by e-mail to msalapska@salapskalaw.com.

☐ BY FEDERAL EXPRESS delivery service.

EXECUTED this 8th day of February, 2010

By: s/john d. titus
John D. Titus

DETROIT 1143843v2