**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Shoen, a resident of Arizona, | No. CV09-1548 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Richard Symons, a resident of Great Britain, et al., | |
| Defendants. | |

Defendants move for summary judgment on all claims. Doc. 47. Plaintiff abandons most of his claims, but opposes as to claims alleging breach of one specific contract. Doc. 48. Plaintiff does not move for summary judgment.[1] *See id.* The motion has been fully briefed. Docs. 47-49, 51. For the reasons stated below, the Court will grant in part and deny in part Defendants' motion for summary judgment.[2]

**I.  Legal Standards.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

---

[1] Plaintiff's references to discretionary *sua sponte* granting of judgment as a matter of law (*e.g.,* Doc. 48 at 3) do not constitute an affirmative motion before the Court.

[2] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

*Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under Arizona law, "[i]nterpretation of a contract is a question of law for the court where the terms of a contract are found to be plain and unambiguous." *Chandler Med. Building Partners v. Chandler Dental Group*, 855 P.2d 787, 791 (Ariz. App. 1993) (citing *Smith v. Melson, Inc.*, 659 P.2d 1264, 1266 (Ariz. 1983)). "Whether a contract is ambiguous is a question of law; the mere fact that parties disagree as to its meaning does not establish an ambiguity." *Id.* (citing *DeCarlo v. MCSA, Inc.*, 785 P.2d 592, 594 (Ariz. App. 1988)). "The controlling rule of contract interpretation requires that the ordinary meaning of language be given to words where circumstances do not show a different meaning is applicable." *Id.* (citing *Brady v. Black Mountain Inv. Co.*, 459 P.2d 712, 714 (Ariz. 1969)). "A contract must be construed so that every part is given effect, and each section of an agreement must be read in relation to each other to bring harmony, if possible, between all parts of the writing." *Id.* (citing *Gesina v. General Elec. Co.*, 780 P.2d 1380, 1386 (Ariz. App. 1988)).

**II.     Abandoned Claims.**

Plaintiff's complaint alleges six causes of action: (1) violation of the Lanham Act; (2) violation of the Copyright Act; (3) multiple breaches of contract under Arizona law; (4) unfair competition; (5) rescission of the parties' second and third agreements; and (6) injunctive relief. Doc. 1. Plaintiff does not respond to Defendants' arguments with respect to claims 1, 2, or 4, and makes clear that he is abandoning claim 5. Doc. 48 at 3. This leaves only claim 3, alleging breaches of three contracts, and claim 6. But the response also makes clear that Plaintiff now asserts a breach only of the 2007 agreement. *See id.*

("Plaintiff . . . requests only specific performance of the 2007 Stipulation"; "[t]he only issues before the Court . . . should be whether the Injunction had been violated, in breach of the 2007 Stipulation.").

In light of this response, the Court will grant judgment for Defendants on claims 1, 2, 4, and 5. The Court will also grant partial judgment for Defendants on claims 3 and 6 to the extent they involve breaches of contracts other than the 2007 Stipulation for Injunction.

**III.   Alleged Breach of the 2007 Stipulation.**

Plaintiff alleges that Defendants violated the stipulation for voluntary injunction previously filed in this Court in 2007, and that this constitutes breach of the third contract between the parties. Doc. 1 at 14:3-4. In moving for summary judgment on this issue, Defendants argue that the stipulation is void as against public policy, is fatally ambiguous, and does not actually bar Defendants from engaging in the complained-of conduct. Doc. 47 at 15. Defendants also argue that the Court's 2007 injunction should be dissolved or modified. *Id.* at 19.[3]

The Court will first address the injunction. Defendants argue that "[p]reventing consumer confusion is an independent basis upon which to modify an injunction," citing to *VISA Int'l Serv. Ass'n. v. Bankcard Holders of Am.*, 784 F.2d 1472, 1473 (9th Cir. 1986). This argument will be denied as moot in this action. If Defendants seek to modify the 2007 injunction, they must file a motion in the case where the injunction was entered.

The Court now turns to the breach of contract issue. On March 20, 2007, the parties entered into a joint stipulation for a permanent injunction. *Shoen v. Symons (Shoen I)*, No. CV 06-3008-PHX-DGC, Doc. 11. The stipulation stated the parties agreed to the following term, which will be referred to in this order as "Paragraph A": "Defendants . . . shall be permanently enjoined from using the title 'The Cobra-Ferrari Wars,' or any portion thereof,

---

[3] Defendants' reply brief also suggests that Plaintiff rescinded the 2007 agreement and injunction by filing this action. Doc. 51 at 8. The Court cannot agree, however, that Plaintiff rescinded the 2007 agreement merely by including an alternative claim seeking rescission.

1 in any form and/or medium whatsoever, including, but not limited to, in e-mail and Internet
2 addresses and meta tags." *Id.* Defendants ask the Court to declare Paragraph A
3 unenforceable on several grounds.

4 Defendants argue that Paragraph A abrogates their First Amendment rights, but a
5 party may waive its First Amendment right by contract. *See Davies v. Grossmont Union*
6 *High School Dist.*, 930 F.2d 1390, 1394-95 & n.4 (9th Cir. 1991). The mere fact that a
7 contract abrogates a First Amendment right therefore does not provide a basis for the Court
8 to declare it void for public policy.

9 Defendants next argue that Paragraph A is fatally ambiguous because the plain
10 language would lead to an unreasonable or absurd result. Doc. 47 at 15-16. Under Arizona
11 law, however, courts may construe the language in a contract to avoid absurd results not
12 intended by the parties. *See, e.g.*, *Limon v. Farmers Ins. Exch.*, 465 P.2d 596, 599 (Ariz.
13 App. 1970). The mere potential for absurd results therefore does not render a contract
14 entirely unenforceable.

15 Defendants also assert that Paragraph A by its terms does not prohibit them from
16 using the phrase "The Cobra-Ferrari Wars" in referring to the former title of their film. Doc.
17 47 at 15. Defendants argue that the parties' conduct after the stipulation, but before the
18 present dispute. "is the best evidence for interpreting the meaning of the contract."[4] *Id.* at 16.
19 Plaintiff argues in part that Defendants' interpretation is unsupported by the language of the
20 stipulation. Doc. 48. The Court finds that Paragraph A, especially when read in conjunction

---

24 [4] Several months after the stipulation was executed, but before this dispute arose,
25 Defendants were authorized by counsel for Plaintiff to send an e-mail to their customers
stating: "Please note that the Spirit Level Film title 'THE COBRA FERRARI WARS' is no
26 longer available. Michael Shoen is the author of the 1990 book titled 'The Cobra-Ferrari
Wars 1963-1965,' which is copyrighted." Doc. 47 at 16. The fact that Defendants requested
27 this authorization appears to strengthen, not weaken, Plaintiff's position that use of the
28 phrase without authorization was prohibited by the stipulation.

- 4 -

with Paragraph F, is unambiguous.[5]  *Chandler Med. Building Partners*, 855 P.2d at 791. Paragraph F states that "Defendants will be allowed to continue selling the subject DVD set, so long as it is re-published under an entirely different title, which will not include the phrase 'The Cobra-Ferrari Wars' or 'Cobra' or 'Ferrari' or any other language that would suggest 'The Cobra-Ferrari Wars' title." *Shoen I*, Doc. 11.  The plain language of the stipulation does not permit marketing by Defendants of their newly-titled DVD "The Snake and the Stallion" as being "formerly Cobra-Ferrari Wars."[6]  The Court therefore will deny summary judgment to Defendants on this issue.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Doc. 47) is **granted in part** and **denied in part** as stated above.
2. The Court will set a final pre-trial conference by separate order.

DATED this 2nd day of May, 2011.

_____
David G. Campbell
United States District Judge

---

[5] Because the Court finds the language of the stipulation unambiguous, it need not address Defendants' argument that ambiguities should be resolved in favor of Plaintiff as drafting party.

[6] Defendants also argue the stipulation permits them to refer to "Cobra" or "Ferrari" as descriptive terms (i.e., as names of automobiles).  Doc. 47 at 17.  The Court will decline the invitation to issue an advisory opinion on this issue because that use is not alleged in this action.