**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Michael L. Shoen, a resident of Arizona,<br><br>Plaintiff,<br><br>vs.<br><br>Richard Symons, a resident of Great Britain, et al.,<br><br>Defendants. | No. CV09-1548 PHX DGC<br><br>**ORDER** |

On June 29, 2011, Plaintiff moved for partial reconsideration of this Court's May 2, 2011 summary judgment order (Doc. 53) as it relates to claims 1, 2, and 4 pled in the complaint.[1] Doc. 57. These claims, among others, were alleged in the complaint, were challenged by Defendants on summary judgment, and were not meaningfully defended by Plaintiff as freestanding claims. In its summary judgment order the Court found that Plaintiff was no longer pursuing those claims as freestanding claims in this case. Doc. 53 at 2 ("Plaintiff does not respond to Defendants' arguments with respect to claims 1, 2, or 4, and makes clear that he is abandoning claim 5."). Plaintiff argues this finding is in error because Plaintiff has in fact not abandoned those claims in this case. Doc. 57 at 1, 4. Plaintiff's motion for reconsideration admits, however, that "Plaintiff considered [the claims] precluded as a result of the 2007 action." *Id.* at 3. The Court fails to see how this supports Plaintiff's

---

[1] The claims at issue were summarized by the Court as "(1) violation of the Lanham Act; (2) violation of the Copyright Act; . . . [and] (4) unfair competition . . . ." Doc. 53 at 2.

contention on reconsideration that the claims are still "alive" as freestanding claims against Defendants in this action – if, in fact, this is what Plaintiff is attempting to argue now.[2] The Court need not reach this issue, however, because the motion is untimely.

The motion for reconsideration is made under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Doc. 57 at 1. Such motions "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). In this district, motions for reconsideration "shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2). Plaintiff's motion was filed almost two months after the order, and Plaintiff has not shown good cause for the delay as required by Local Rule 7.2(g)(2). The motion will therefore be denied as untimely.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 57) is **denied**.

DATED this 18th day of July, 2011.

_____
David G. Campbell
United States District Judge

---

[2] To the extent Plaintiff seeks to argue that by awarding summary judgment in favor of Defendants on these claims the Court necessarily found Defendants never engaged in the complained-of conduct or that such conduct was lawful, nothing in the May 2 order suggests such a finding or conclusion. Doc. 53 at 2:27-28 ("But the response also makes clear that Plaintiff now asserts a breach only of the 2007 agreement."); *id.* at 3:4-5 ("In light of this response, the Court will grant judgment for Defendants on claims 1, 2, 4, and 5.").