**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Shoen, a resident of Arizona,<br><br>Plaintiff,<br><br>vs.<br><br>Richard Symons, a resident of Great Britain, et al.,<br><br>Defendants. | No. CV09-1548 PHX DGC<br><br>**ORDER** |

Defendants move pursuant to Rule 42(a) to consolidate this case with another action closed over four years ago. Doc. 60. Defendants argue that the parties are the same, and that the language of the parties' contract at issue in this case is identical to the language of the injunction in the closed case. *Id.* at 2-3. Defendants urge that consolidation will facilitate applying a single interpretation to both the contract and the injunction. *Id.* at 3.

Plaintiff responds that there is only one action pending before the Court and further suggests that this Court has held the injunction in the closed case is unambiguous, that the only practical issue remaining is the issue of damages, and that the summary judgment order in this case "does not adjudicate the merits" of the claims for which judgment was entered against Plaintiff. Doc. 62 at 2. Plaintiff also attempts to argue the viability of the injunction without explaining how this argument is relevant to the requirements of Rule 42(a) (Doc. 62 at 4-10), as well as asserts that the motion to consolidate is untimely but fails to provide further details (*id.* at 4:3).

Defendants have filed a reply (Doc. 63), and the parties do not request oral argument.

**A.     Preliminary Matters.**

As a threshold matter, Plaintiff's submission that "the Court has already decided that the stipulated Injunction is not ambiguous" (Doc. 62 at 2) is without support. The Court's summary judgment order expressly declined ruling on the injunction. Doc. 53 at 3:15-19.[1]

Plaintiff also asserts that "the only issue remaining – for all practical purposes – is the amount of damages." Doc. 62 at 2. The Court is unaware of having entered a judgment in favor of Plaintiff on all issues save damages. In its summary judgment order the Court held only that, with respect to paragraph A of the parties' stipulation, "[t]he plain language of the stipulation does not permit marketing by Defendants of their newly-titled DVD 'The Snake and the Stallion' as being 'formerly Cobra-Ferrari Wars.'" Doc. 53 at 5.

Plaintiff further argues that the summary judgment order "granting judgment dismissing the remaining claims does not adjudicate the merits of these claims," and asserts the Court suggested as much when denying Plaintiff's motion for reconsideration. Doc. 62 at 2:12-17. Summary judgment is generally a judgment on the merits, however, *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), and nothing in the Court's July 18, 2011 order (Doc. 61) holds otherwise. The Court may not have made findings as to specific issues or facts, but judgment was entered in favor of Defendants as to claims 1, 2, 4, and 5 – and partial judgment was entered in favor of Defendants on claims 3 and 6 "to the extent they involve breaches of contracts other than the 2007 Stipulation for Injunction." Doc. 53 at 3.

**B.     Motion to Consolidate.**

The case with which Defendants seek to consolidate this action has been closed for over four years. Defendants concede the new action is limited to the contract between the parties (Doc. 60), Plaintiff does not argue that the present action alleges a cause of action for civil contempt of the injunction (*see* Doc. 62), and Defendants have not filed a declaratory action seeking to interpret their rights and obligations under the injunction. The fact that the

---

[1] The Court's summary judgment order concluded only that the parties' stipulation – i.e., the agreement between the parties – was unambiguous as to paragraph A when read in conjunction with paragraph F. Doc. 53 at 4-5.

1 contract and the injunction may have identical language has no bearing on the meaning of
2 the contract. Defendants' reply suggests that having the parties' contract interpreted in this
3 case but leaving the "identical language in the Injunction unresolved" would not serve the
4 interests of judicial economy. Doc. 63 at 3-4. Given that this case does not formally plead
5 a civil contempt cause of action, however, Defendants fail to show the relevance of the
6 injunction – and, by extension, of the closed case – to this action. To the extent Defendants
7 suggest that a final judgment in this case would somehow be frustrated by the injunction
8 issued in the closed case, Defendants have made no showing that such conflict would ensue.
9 Nor have Defendants shown that a judgment here in their favor would be an insufficient basis
10 for modifying the injunction.

The motion to consolidate will be denied because Defendants have not shown two live actions before the Court that involve common questions of law and fact. Fed. R. Civ. P. 42(a).

**C.     Comment.**

Plaintiff's pending motion for preliminary injunction (Doc. 65) will be ruled upon in due course once it has been fully briefed.

**IT IS ORDERED** that Defendants' motion for consolidation (Doc. 60) is **denied**.

DATED this 11th day of August, 2011.

_____
David G. Campbell
United States District Judge